**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 1:25-cv-21998-WPD

CARLSON PET PRODUCTS, INC.,

     Plaintiff,

v.

THE INDIVIDUALS, CORPORATIONS,
LIMITED LIABILITY COMPANIES,
PARTNERSHIPS, AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE A,

     Defendants.

_____/

**SEALED ORDER GRANTING EX PARTE APPLICATION FOR**
**ENTRY OF TEMPORARY RESTRAINING ORDER**

THIS CAUSE came before the Court upon Plaintiff's *Ex Parte* Application for Entry of Temporary Restraining Order, Preliminary Injunction, and Order Restraining Transfer of Assets (the "Application"), filed May 1, 2025. [DE 7]. The Court has carefully reviewed the Application and the record and is otherwise fully advised in the premises.

By the instant Application, Plaintiff Carlson Pet Products, Inc. ("Plaintiff" or "Carlson") moves *ex parte*, for entry of a temporary restraining order against Defendants, the Individuals, Business Entities, and Unincorporated Associations identified on Schedule A hereto (collectively "Defendants"), and an entry of an order restraining the financial accounts used by Defendants, pursuant to 35 U.S.C. § 283, Fᴇᴅ. R. Cɪᴠ. P. 65, and The All Writs Act, 28 U.S.C. § 1651(a).

For the reasons set forth herein, Plaintiff's *Ex Parte* Application for Temporary Restraining Order [DE 7] is **GRANTED**.

## I.     Factual Background.

Plaintiff owns all exclusive rights in U.S. Patent No. 11,085,233 (the "'233 Patent"). (Declaration of Shane A. Flannery ("Flannery Decl.") at ¶ 8.)

Defendants, through Amazon.com, Inc.'s online marketplace ("Amazon") accounts listed in Schedule A to the Complaint, have marketed, offered for sale, or sold goods that utilize the technology and invention claimed by the '233 Patent. (Flannery Decl. at ¶ 14.)

Defendants are not now, nor have they ever been authorized or licensed to use the '233 Patent.  (Flannery Decl. at ¶¶ 12, 22.)

Carlson has investigated the marketing and sale of products on Amazon that are offering for sale and selling barrier gate products that infringe the '233 Patent (the "Accused Products"). (Flannery Decl. at ¶¶ 14, 17-18.)  Carlson has ordered the Accused Products through Amazon and completed a checkout page confirming that each product could be shipped to an address anywhere in the United States, including in this Judicial District. (Flannery Decl. at ¶¶ 18-19.)  Carlson has conducted a review of the Accused Products and has prepared claim charts of exemplary examples of the Accused Products, from orders received through Amazon, showing that the Accused Products infringe the '233 Patent. (Flannery Decl. at ¶¶ 17-18.)

## II.    Legal Standard.

In order to obtain a temporary restraining order, a party must demonstrate "(1) [there is] a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that the entry of the relief would serve the public interest." *Schiavo ex. rel Schindler v. Schiavo*, 403 F.3d 1223, 1225–26 (11th Cir. 2005); *see also Levi Strauss & Co. v. Sunrise Int'l. Trading Inc.*, 51 F.3d 982, 985 (11th Cir. 1995) (applying the test to a preliminary

injunction in a Lanham Act case). Additionally, a court may only issue a temporary restraining order without notice to the adverse party or its attorney if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition [and] (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

FED. R. CIV. P. 65(b)(1). *Ex parte* temporary restraining orders "should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cnty.*, 415 U.S. 423, 439 (1974).

## III.    Conclusions of Law.

The Flannery Declaration submitted by Carlson in support of its *Ex Parte* Application for Temporary Restraining Order supports the following conclusions of law:

A.    Carlson has submitted sufficient documentation that Defendants make, use, offer for sale, sell, and/or import into the United States for subsequent sale or use the Accused Products that directly and/or indirectly infringe one or more claims of the '233 Patent.

B.    Because of the ongoing infringement of the '233 Patent by Defendants, Carlson is likely to suffer immediate and irreparable injury if a temporary restraining order is not granted. The following specific facts, as set forth in Carlson's Complaint, Application for Temporary Restraining Order, and accompanying declaration, demonstrate that immediate and irreparable loss, damage, and injury will result to Carlson and to consumers before Defendants can be heard in opposition unless Carlson's request for *ex parte* relief is granted:

i.    Defendants, utilizing Amazon, and operating under their respective seller identification names, market, offer for sale, and sell the Accused Products in violation of Carlson's '233 Patent rights;

3

ii.     There is good cause to believe that more Accused Products will appear in the marketplace and that Carlson will suffer loss of market share, loss of market share, loss of goodwill and damage to reputation, and deprivation of the exclusive right to the patented invention; and

iii.    There is good cause to believe that if Carlson proceeds with notice to Defendants on this Application for Temporary Restraining Order, Defendants can easily and quickly change the ownership information with Amazon, change payment accounts, and redirect consumer traffic to other seller identification names, thereby thwarting Carlson's ability to obtain meaningful relief.

C.      The balance of potential harm to Defendants in restraining their trade in the Accused Products if a temporary restraining order is issued is far outweighed by the potential harm to Carlson as the exclusive rights holder in the '233 Patent, its reputation, and its goodwill as a manufacturer and distributor of quality products, if such relief is not issued.

D.      The public interest favors issuance of the temporary restraining order to protect Carlson's patent interests and rights to exclude Defendants from making, using, importing and selling the Accused Products in the United States.

E.      The Patent Act authorizes courts to issue injunctive relief "in accordance with the principles of equity to prevent the violation of any right secured by patent, on such terms as the court deems reasonable." 35 U.S.C. § 283.

F.      Requesting equitable relief "invokes the district court's inherent equitable powers to order preliminary relief, including an asset freeze, in order to assure the availability of permanent relief." *Levi Strauss & Co.*, 51 F.3d at 987 (citing *Federal Trade Commission v. United States Oil & Gas Corp.*, 748 F.2d 1431, 1433-34 (11th Cir. 1984)).

G.      Bearing in mind the deceptiveness of foreign sellers utilizing online commerce platforms and the likelihood that Defendants have violated federal patent laws, Carlson has good reason to believe Defendants will hide or transfer their ill-gotten assets beyond the jurisdiction of this Court unless those assets are restrained.

H.      Upon review of Carlson's Complaint, Application for Temporary Restraining Order, and supporting evidentiary submissions, it is hereby ORDERED that the Application for Temporary Restraining Order is GRANTED, according to the terms set forth below:

## TEMPORARY RESTRAINING ORDER

(1)      Each Defendant, its officers, directors, agents, servants, employees, attorneys affiliates, distributors, and all persons who are in active concert or participation with any one of them having notice of this Order are hereby temporarily restrained as follows:

        a.      From manufacturing, importing, offering to sell, or selling any product that infringes the '233 Patent;

        b.      Aiding, abetting, contributing to, or otherwise assisting anyone in infringing upon the '233 Patent; and

        c.      Effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in Subparagraphs (a) and (b).

(2)      Each Defendant shall not transfer ownership of the entity that conducts business with Amazon during the pendency of this action, or until further order of the Court;

(3)      Defendants are ordered to disclose to Plaintiff the true identities and contact information of the Defendants and any related registrants that conduct business with Amazon;

(4)     Within five (5) days of receipt of notice of this Order, Defendants and any third-party financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms that are providing services for any of Defendants, including but not limited to Amazon, with their related companies and affiliates (together, the "Third Party Providers"), shall:

a.     Restrain the transfer of all funds, including funds relating to ongoing account activity, held or received for Defendants' benefit or to be transferred into the Defendants' respective financial accounts, restrain any other financial accounts tied thereto, and immediately divert those restrained funds to a holding account for the trust of the Court. Such restraining of funds and disclosure of the related financial institution account information (as provided below) shall be made without notice to the account owners or the financial institutions until after those accounts are restrained.

b.     Provide Plaintiff expedited discovery of the following: (i) the identity of all financial accounts and/or sub-accounts associated with Amazon operating under the Defendant names and/or online marketplace accounts and storefronts listed on Schedule A to the Complaint, as well as any other accounts operated by the Defendant(s); (ii) the identity and location of the Defendants identified in Schedule A, including all known contact information including any and all known aliases and associated e-mail addresses; (iii) an accounting of the total funds restrained and identities of the financial account(s) and sub-account(s) for which the restrained funds are related; and (iv) information concerning sales of any Accused Products made by Defendants.

(5)     Any Defendant or financial institution account holder subject to this Order may petition the Court to modify the asset restraint set out in this Order;

(6)     The Clerk of the Court is directed to issue a single original summons in the name of "THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A TO THE COMPLAINT" that shall apply to all Defendants. The combination of providing notice via electronic publication and e-mail, along with any notice that Defendants receive from payment processors, shall constitute notice reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections.

(7)     This Order shall apply to the Defendants Amazon online platform, associated e-commerce stores and websites, and any other seller identification names, e-commerce stores, private messaging accounts, domain names and websites, or financial accounts which are being used by Defendants for the purpose of infringing the '233 Patent;

(8)     This Order shall remain in effect until the date for the hearing on the Motion for Preliminary Injunction set forth below, or until such further dates as set by the Court or stipulated to by the parties;

(9)     Pursuant to Federal Rule of Civil Procedure 65(c), Plaintiff shall post a bond in the amount of Ten Thousand Dollars and Zero Cents ($10,000.00), as payment of damages to which Defendants may be entitled for a wrongful injunction or restraint, during the pendency of this action, or until further Order of the Court. In the Court's discretion, the bond may be subject to increase should an application be made in the interest of justice;

(10)    After Plaintiff's counsel has received confirmation from the Third Party Providers regarding the funds restrained as directed herein and expedited discovery from the same, Plaintiff shall serve a copy of the Complaint, Application for Temporary Restraining Order, and this Order,

on each Defendant via their corresponding e-mail address and/or online contact form or other means of electronic contact provided on the e-commerce stores and websites operating under the respective Defendant Names, or by providing a copy of this Order by e-mail to Amazon, so that they, in turn, will notify each Defendant of the Order, or by other means reasonably calculated to give notice which is permitted by the Court.

In addition, Plaintiff shall post copies of the Complaint, Application for Temporary Restraining Order, and this Order, as well as all other documents filed in this action on a website created for the purpose of serving notice (the "Serving Notice Website"), and Plaintiff shall provide the location and the address to the website to Defendants via e- mail/online contact forms, and such notice so given shall be deemed good and sufficient service thereof. Plaintiff shall continue to provide notice of these proceedings and copies of the documents on file in this matter to Defendants by regularly updating the website or by other means reasonably calculated to give notice that is permitted by the Court.

(11) A **HEARING** is set before this Court on **Friday, May 23, 2025, at 10:15 A.M.**, in Courtroom 205B at the U.S. Courthouse, 299 E. Broward Boulevard, Fort Lauderdale, Florida, at which time Defendants and/or any other affected persons may challenge the appropriateness of this Order and move to dissolve the same and at which time the Court will hear argument on Plaintiff's requested preliminary injunction;

(12) Any response or opposition to Plaintiffs' Motion for Preliminary Injunction must be filed and served on Plaintiff's counsel by **May 13, 2025**. Plaintiff shall file any Reply Memorandum on or before **May 20, 2025**. The above dates may be revised upon stipulation by all parties and approval of this Court. Defendants are hereby on notice that failure to appear at the hearing may result in the imposition of a preliminary injunction against them pursuant to 35 U.S.C.

§ 283, Fed. R. Civ. P. 65, The All Writs Act, 28 U.S.C. § 1651(a), and this Court's inherent authority.

  **DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 6th day of May, 2025.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies provided to:
Counsel of Record